# Bringhurst's Estate.

*Wills—Construction — Devise to married woman — Creation of separate use trust—Intention.*

Where a testatrix devised her residuary estate to her daughter "to be for her sole separate and exclusive use notwithstanding any coverture free and clear of interruption intervention or control of her Husband or any Husband she may have and without the said property and Estate shall be held and used and enjoyed by (the daughter) in all respects and in as full and ample a manner notwithstanding her coverture as if she were sole and unmarried," the main intent was that a trust should be created for the daughter's separate and exclusive use, and a petition to vacate the appointment of the trustee filed during the lifetime of the daughter's husband, was properly dismissed.

Argued March 19, 1917.    Appeal, No. 314, Jan. T., 1916, by Mary Bringhurst Flanagan, Trustee, from decree of O. C. Philadelphia Co., April T., 1907, No. 521, dismissing Trustee's petition for vacation of her appointment as Trustee in Estate of Alice R. Bringhurst, Deceased.    Before Brown, C. J., Stewart, Moschzisker, Frazer and Walling, JJ.    Affirmed.

Petition to annul and vacate a decree appointing a trustee and directing the entry of security.

The facts appear from the following opinion of LaMorelle, J.:

This is a petition to annul and vacate a decree appointing a trustee and directing the entry of security.    Alice R. Bringhurst who died in the year 1906 bequeathed and devised her residuary estate unto her daughter, Mary Bringhurst Flanagan, in the language following:

"Sixth—All the Rest of residue and remainder of my

estate real and personal and mixed of whatsoever kind and wheresoever the same may be situate I give and devise and bequeath to my daughter Mary Bringhurst Flanagan to be for her sole separate and exclusive use notwithstanding any coverture free and clear of interruption intervention or control of her Husband or any Husband she may have and without the said property and Estate shall be held and used and enjoyed by the said Mary Bringhurst Flanagan in all respects and in as full and ample a manner notwithstanding her coverture as if she were sole and unmarried."

In 1907 Mary Bringhurst Flanagan, the daughter being desirous of selling some of the realty forming part of the residue of the estate petitioned this court for leave to appoint her trustee for herself to make such sale, and to give her own bond. In due course she was appointed such trustee, her request to give her own bond refused, and security was directed to be entered in the sum of $12,500.

The surety on the bond is now deceased and the purpose of the present petition is to terminate the trust, release the bondsman, and receive from the executors of her will the sum of some $6,500.00 which he, in his lifetime, held as counter indemnity. As we view the will we cannot grant the prayer of the petition.

At the time of the execution of the will Mary Bringhurst Flanagan was married, and her husband survives. It was the manifest intention of testatrix that her daughter should hold the estate for her sole, separate and exclusive use, and while the latter part of the clause wherein and whereby the gift is made is not altogether in harmony with the gift itself, we do not feel that there is such a contradiction as will enable us to ignore the legal effect of the technical language used by the testatrix.

The lower court dismissed the petition. The trustee appealed.

*Error assigned* was in dismissing the petition.

*E. Hunn,* for appellant.

The appellee submitted no paper book.

PER CURIAM, April 16, 1917:

Though the last clause of the sixth paragraph of the will of testatrix is apparently contradictory of what immediately precedes it, her main intent that a trust should be created for her daughter's sole separate and exclusive use is clearly stated, and the decree is affirmed, at appellant's costs, on the opinion of the court below directing it to be entered.